IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 09-1797 |
| v. | ) ) COMPLAINT ) |
| HOSPITAL AUXILIO MUTUO, | ) JURY TRIAL DEMAND ) |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Javier Gonzalez Torres (Gonzalez) who was adversely affected by such practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Defendant Hospital Auxilio Mutuo discriminated against Gonzalez by failing to provide him with a reasonable accommodation, suspending and ultimately terminating him because of his religion, and retaliating against him by terminating his employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ('Title VII') and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant Hospital Auxilio Mutuo has continuously been a Puerto Rico corporation doing business in Puerto Rico and has continuously had at least 15 employees.

5.	At all relevant times, Defendant Hospital Auxilio Mutuo has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Gonzalez filed a charge with the Commission alleging violations of Title VII by Defendant.

7.	All conditions precedent to the institution of this lawsuit have been fulfilled.

8.	Since at least March 2008, Defendant has engaged in unlawful employment practices at its location in San Juan, Puerto Rico, in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a) as follows:

(a)	Gonzalez practices Santeria, a religious tradition of African origin.

(b)	Gonzalez worked as a registered nurse in Defendant's Intensive Care Unit from September of 2006 to June 20, 2008.

(c)	At all material times, Gonzalez held a sincere religious belief, and pursuant to that belief, Gonzalez maintained his hair of a certain length.

(d) Defendant advised Gonzalez that it had a policy which required Gonzalez to cut his hair short. However, Defendant allowed female employees to wear their hair any length.

(e) Defendant knew that Gonzalez had a religious belief, practice, and/or observance that was in conflict with Defendant's alleged policy.

(f) Defendant failed to fulfill its affirmative duty to reasonably accommodate Gonzalez's religious belief, practice, and/or observance.

(g) Defendant took adverse employment action against Gonzalez, including but not limited to suspension and termination, because of his religion.

(h) Gonzalez engaged in protected activity within the meaning of 42 U.S.C. § 2000e-3(a).

(i) After Gonzalez engaged in protected activity, Defendant retaliated against him by terminating his employment.

9. The effect of the practice(s) complained of in paragraph 8 above has been to deprive Gonzalez of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion and because he engaged in protected activity.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Gonzalez.

3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of religion and from retaliating against employees.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of religion, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Gonzalez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

D.  Order Defendant to make whole Gonzalez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E.  Order Defendant to make whole Gonzalez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including pain, suffering, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Gonzalez punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                    Respectfully Submitted,

                                    JAMES L. LEE
                                    Deputy General Counsel

                                  GWENDOLYN Y. REAMS
                                  Associate General Counsel

                                  Equal Employment Opportunity
                                  Commission
                                  131 M Street, N.E.
                                  Washington, D.C. 20507

                                  NORA E. CURTIN
                                  Regional Attorney

                                  MARIA KATE BOEHRINGER
                                  Supervisory Trial Attorney

                                  _/s/ Marisol Estevez_____
                                  MARISOL ESTEVEZ
                                  Trial Attorney
                                  Government Attorney No. G00810
                                  U.S. EQUAL EMPLOYMENT
                                  OPPORTUNITY COMMISSION
                                  Miami District Office
                                  One Biscayne Tower
                                  2 South Biscayne Blvd., Suite 2700
                                  Miami, FL 33131
                                  Tel.: (305) 808-1847
                                  Fax: (305) 808-1835
                                  Email: marisol.estevez@eeoc.gov

Dated:   8/12/09